IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DERRICK GATES; ROBERT HORNSBY;
CORY MOONEY; JOSEPH BATES;
BRIAN DAWKINS; MATHEW BIGELOW;
TIMOTHY DEAS; MICHAEL DENTON;
AARON DORCIK; MICHAEL DOWNS;
BRYAN HALL; TIMOTHY GROUE;
CHARLES HAWKINS; SCOTT HOVERMAN;
SAMUEL JENNER; DAVID LEMASTERS;
MICHAEL LURIX; JOHN MASSEY;
JASON MCELDOWNEY; JUSTIN PARKER;
JESSE RICHARD; HUGH PETERSON;
BRYANT SEYMORE; MARK SEYMOUR;
ERIC TANNER; LAYNE TRIPLETT;
CASEY WHITEHEAD; MICHAEL WILLIS;
WILLIAM WILEY; AND CURTIS ZEIGLER                    PLAINTIFFS

v.                                         CIVIL ACTION NO. 1:22cv356 LG-RPM

CITY OF BILOXI, MISSISSIPPI                              DEFENDANT

COMPLAINT
JURY TRIAL DEMANDED

**COMES NOW** the Plaintiffs, by and through their counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of their rights under the Fair Labor Standards Act (FLSA). In support of this cause, Plaintiffs would show unto the Court the following facts to-wit:

THE PARTIES

1.      Plaintiff, Derrick Gates, is an adult resident citizen of Stone County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

2.      Plaintiff, Robert Hornsby, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

1

3. Plaintiff, Cory Mooney, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

4. Plaintiff, Joseph Bates, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

5. Plaintiff, Brian Dawkins, is an adult resident citizen of Jackson County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

6. Plaintiff, Mathew Bigelow, is an adult resident citizen of Stone County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

7. Plaintiff, Timothy Deas, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

8. Plaintiff, Michael Denton, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

9. Plaintiff, Aaron Dorcik, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

10. Plaintiff, Michael Downs, is an adult resident citizen of Jackson County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

11. Plaintiff, Bryan Hall, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

12. Plaintiff, Timothy Groue, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

13. Plaintiff, Charles Hawkins, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

14. Plaintiff, Scott Hoverman, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

15. Plaintiff, Samuel Jenner, is an adult resident citizen of Jackson County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

16. Plaintiff, David LeMasters, is an adult resident citizen of Hancock County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

17. Plaintiff, Michael Lurix, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

18. Plaintiff, John Massey, is an adult resident citizen of Jackson County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

19. Plaintiff, Jason McEldowney, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

20. Plaintiff, Justin Parker, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

21. Plaintiff, Jesse Richard, is an adult resident citizen of Jackson County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

22. Plaintiff, Hugh Peterson, is an adult resident citizen of Forrest County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

23. Plaintiff, Bryant Seymore, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

24. Plaintiff, Mark Seymour, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

25. Plaintiff, Eric Tanner, is an adult resident citizen of Jackson County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

26. Plaintiff, Layne Triplett, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

27. Plaintiff, Casey Whitehead, is an adult resident citizen of Jackson County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

28. Plaintiff, Michael Willis, is an adult resident citizen of Hancock County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

29. Plaintiff, William Wiley, is an adult resident citizen of Harrison County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

30. Plaintiff, Curtis Zeigler, is an adult resident citizen of Stone County, Mississippi and is a current employee of the City of Biloxi, Mississippi.

31. Defendant, City of Biloxi, Mississippi, may be served through the City Clerk, Stacy L. Thacker, 140 Lameuse Street, Biloxi, Mississippi 39533.

## JURISDICTION AND VENUE

32. This Court has federal question jurisdiction over the claim asserted against the Defendant and venue is proper in this Court.

33. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

34. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§ 1337 and the FLSA, 29 U.S.C.§216(b).

## STATEMENT OF FACTS

35. Plaintiffs have all been employed in the last three years as firefighters for the City of Biloxi.

36. In 2009, the Defendant enacted City Ordinance 15-1-14. Pursuant to this ordinance all full-time city employees that had completed one full year of continuous service would be eligible for longevity pay.[1]

37. Eligible employees shall receive an annual benefit equal to $10.00 longevity pay for each full month of completed continuous service. The maximum annual benefit of longevity service was capped at 20 years pursuant to the ordinance.

38. In the months following May 2010, Payroll Officer Jody Ault reported to Mayor AJ Holloway that she had mistakenly not increased the longevity pay between 2009 and 2010.

39. In response, however, Mayor Holloway instructed Ms. Ault to suspend or freeze the longevity pay where it was at, i.e., do not keep increasing it.

40. The decision to suspend or freeze the longevity pay was never brought to a vote by the city council nor approved by Mayor. The decision was made unilaterally by Mayor Holloway with no due process.

41. Each year since 2010 the City of Biloxi has refused to pay all the longevity pay it owes its employees, including Plaintiffs.

---

[1] https://library.municode.com/ms/biloxi/codes/code_of_ordinances?nodeId=COOR_CH15PE_ARTIINGE_S15-1-14LOPA

42. City of Biloxi employees that were receiving longevity pay have been receiving the same amount of longevity pay since 2010. Those that were hired after 2010 have never received a longevity check.

43. Plaintiff Derrick Gates first complained about this issue in 2019 to Mayor Andrew Gilich and each of the Board of Aldermen except for Kenny Glavin. Despite his complaints, no changes have been made to the current situation.

44. By refusing to pay all the longevity pay owed to employees the Defendant has also failed to pay proper overtime wages. Plaintiffs have worked enough hours several weeks in the last three year to qualify them for overtime wages. While Defendant paid Plaintiff overtime wages for that time, the Defendant did not pay the proper amount owed as it did not include all longevity owed in regular rate calculation.

45. Calculation of the correct regular rate is the linchpin of the FLSA overtime requirement.

46. The general rule, per the plan text of the FLSA, is that the regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

47. The FLSA provides eight exceptions of types of pay that is not included in the regular rate. 29 C.F.R. 778.200.

48. Longevity pay is not included in any of these exceptions.

49. The longevity payments are required by ordinance and the employees have a legal right to the payment. As such, they are not gifts. 29.C.F.R. 778.212.[2]

---

[2] Moreau v. Klevenhagen, 956 f.2d 516, 522 (5th Cir. 1992)

## **CAUSES OF ACTION**

### **COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

50. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 51 above as if fully incorporated herein.

51. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

52. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

53. Plaintiffs have not been properly paid all overtime compensation owed under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay as Defendant did not include longevity pay in the regular rate calculation.

54. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiff to liquidated damages and attorney fees.

### **COUNT II: BREACH OF CONTRACT**

55. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 54 above as if fully incorporated herein.

56. Defendant breached its express contractual obligations with Plaintiffs as each year Defendant failed to pay the longevity pay promised to them pursuant to City Ordinance 15-1-14.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined by the jury:

1. Longevity pay; or
2. Overtime wages;
3. Liquidated damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the _____ day of December 2022.

                                        Respectfully submitted,

By:   /s/Louis H. Watson, Jr.
        Louis H. Watson, Jr.  (MB# 9053)
        Nick Norris (MB# 101574)
        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com