UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DERRICK GATES et al                                                              PLAINTIFFS

VERSUS                                                  CIVIL ACTION NO. 1:22-CV-356-LG-RPM

CITY OF BILOXI, MISSISSIPPI                                                       DEFENDANT

## REPORT AND RECOMMENDATION

Before the Court is Defendant City of Biloxi, Mississippi's [12] Motion to Enforce Settlement. Defendant's motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). Doc. [16]. For the following reasons, the Court recommends Defendant's [12] Motion to Enforce Settlement be granted.

On December 30, 2022, Plaintiffs—firefighters for the City of Biloxi—filed a Complaint against Defendant to recover damages for violations of their rights under the Fair Labor Standards Act ("the FLSA"). Doc. [1]. On May 3, 2023, the parties participated in a settlement conference before the undersigned, during which the parties reached a settlement agreement subject to the approval of the City of Biloxi's city council.[1] Doc. [14-1]; *see* Minute Entry (05/03/2023). The terms were dictated and transcribed at the conclusion of the settlement conference. Doc. [14-1]. As part of the terms, the City of Biloxi would reinstate longevity pay to Plaintiffs and all firefighters commencing on October 1, 2023. *Id.* at 3. Counsel for Defendant emphasized that "the longevity pay would be paid going forward . . . It's not a back payment, but it is a . . . reinstatement essentially for all city employees going forward."[2] *Id.* at 6–7.

---

[1] The named Plaintiffs, along with counsel of record, either attended the settlement conference or were represented by proxies. Doc. [14-1] at 2.
[2] Counsel for Defendant intended to recommend to the city council that all city employees—not just the firefighters—should receive longevity pay. Doc. [14-1] at 4–5.

On May 17, 2023, counsel for Defendant emailed and advised the Court that the city council met during executive session and agreed to the terms set forth in the transcript. *See* Notice of Settlement by All Parties (05/18/2023). Before submitting the terms to the city council for formal approval, counsel for Defendant memorialized the terms in a Settlement Agreement and Release ("the Agreement"). Doc. [12-1]; Doc. [12-2]. Counsel for Plaintiffs approved the Agreement via email, stating "[t]hat agreement looks fine." Doc. [12-2] at 2. The Agreement consisted of several provisions, but the one now at issue concerns longevity pay. Doc. [14] at 1. That provision reads as follows:

> Biloxi will reinstate longevity pay going forward pursuant to City Ordinance 15-1-14 to not only the Plaintiffs but to all full-time city employees who qualify for longevity pay as of on October 1, 2023. The amount of available longevity pay going forward will be calculated by the number of years of service as of October 1, 2023. All other provisions of the Ordinance will remain in effect as of October 1, 2023.

Doc. [12-1] at 2–3. The city council adopted a resolution authorizing the Agreement on May 23, 2023; and the mayor approved the resolution on May 26, 2023. Doc. [12-3] at 1–2. On June 6, 2023, counsel for Plaintiffs informed counsel for Defendant that "slightly over half" of Plaintiffs had signed the Agreement. Doc. [12-2] at 2. Thereafter, the Court held two telephonic conferences in August 2023 to discuss the status of the settlement with counsel for the parties. *See* Minute Entry (08/24/2023 & 08/30/2023). Counsel for Plaintiffs advised the Court that ten of the thirty-five Plaintiffs were refusing to sign the Agreement.[3] Doc. [12] at 2. On September 1, 2023, Defendant filed a Motion to Enforce Settlement. *Id.* On December 1, 2023, the Court held a third

---

[3] The Court notes that there are only thirty-two named Plaintiffs in this matter. However, during the settlement conference, counsel for Plaintiffs advised the Court there were three additional plaintiffs who would be added by amendment. Doc. [14-1] at 2–3. While the three additional plaintiffs have not since been added to this case, the Agreement accounts for them. Doc. [12-1].

telephonic conference; counsel for the parties advised the Court they were still unable to consummate the settlement. *See* Minute Entry (12/01/2023).

In its motion, Defendant argues the parties reached an enforceable settlement agreement; Defendant requests this Court to give the remaining Plaintiffs who refuse to sign the Agreement thirty days to show cause why this case should not be dismissed. Doc. [12] at 2. Defendant also requests the Agreement be enforced and this case be dismissed with prejudice. *Id.* Plaintiffs contend Defendant agreed to pay longevity pay beginning on October 1, 2023, with the new fiscal year, but also agreed to pay longevity pay for the entire year of 2023. Doc. [14] at 2. Specifically, Plaintiffs state "Defendant now contends that the parties agreed to longevity starting on October 1, 2023, and that instead of the Plaintiffs receiving twelve months of longevity in 2023, they will only receive three months of longevity from October to December 2023." *Id.* Plaintiffs request the Court to set aside the settlement so the case can continue to be litigated as there was not a meeting of the minds on all the terms. *Id.* at 4–5. Alternatively, Plaintiffs request the Court to conclude that their interpretation on longevity pay is the correct interpretation. *Id.* at 5. Either way, Plaintiffs asks this Court to deny Defendant's Motion to Enforce Settlement. *Id.*

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *D.H. Overmyer Co. v. Loflin*, 440 F.2d 1213, 1215 (5th Cir. 1971). "[O]ral settlement agreements are enforceable, 'even when a party later refuses to sign the memorializing documents.'" *Perrin v. Hayward Baker, Inc.*, 838 F. App'x 805, 808 (5th Cir. 2020) (quoting *Hardison v. Abdon Callais Offshore, L.L.C.*, 551

F. App'x 735, 738 (5th Cir. 2013)). "Questions regarding the enforceability or validity of such [settlement] agreements are determined by federal law—at least where the substantive rights and liabilities of the parties derive from federal law." *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018) (quoting *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) (applying federal law to decide the validity of a settlement agreement because the claims in the case were premised on general maritime law); *see Del Bosque v. AT & T Advert., L.P.*, 441 F. App'x 258, 260 n.4 (5th Cir. 2011) (explaining that a question regarding the enforceability of a settlement agreement in a diversity case is governed by state law, but a question regarding the enforceability of a settlement agreement in a federal question case is governed by federal law). Here, federal law applies because the claims in this case are premised on the FLSA.[4] Doc. [1].

"A settlement agreement is a contract," and the interpretation of an unambiguous contract is a question of law. *Alford v. Kuhlman Elec. Corp.*, 716 F.3d 909, 912 (5th Cir. 2013) (quoting *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992)). "This standard applies to all unambiguous contracts, oral as well as written." *Guidry*, 976 F.2d at 940 (citing *FDIC v. Mmahat*, 960 F.2d 1325, 1328 (5th Cir. 1992)). "The determination of whether a contract is ambiguous is also a question of law." *D.E.W., Inc. v. Local 93, Laborers' Int'l Union of North America*, 957 F.2d 196, 199 (5th Cir. 1992) (citing *Richland Plantation Co. v. Justiss-Mears Oil Co.*, 671 F.2d 154, 156 (5th Cir. 1982)).

> A contract is not ambiguous merely because the parties disagree upon the correct interpretation or upon whether it is reasonably open to just one interpretation. *REO Indus., Inc. v. Natural Gas Pipeline Co. of America*, 932 F.2d 447, 453 (5th Cir. 1991) (footnotes omitted). The mere disagreement of the parties upon the meanings of contract terms will not transform the issue of law into an issue of fact. *General Wholesale Beer Co. v. Theodore Hamm Co.*, 567 F.2d 311, 313 (5th Cir. 1978). If the written instrument is so worded that it can be given a certain or definite legal

---

[4] Although the Fifth Circuit has observed that "federal contract law is largely indistinguishable from general contract principles under state common law." *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015) (footnote omitted).

meaning or interpretation, then it is not ambiguous, and this Court will construe the contract as a matter of law.

*Id.*

Plaintiffs argue in part that there was no meeting of the minds on all the terms of the settlement. Doc. [14] at 4–5. "[O]rdinary contract principles require a 'meeting of the minds' between the parties in order for agreements to be valid." *Bowers v. Abundant Home Health, L.L.C.*, 803 F. App'x 765, 767 (5th Cir. 2020) (quoting *American Heritage Life Ins. Co. v. Lang*, 312 F.3d 533, 538 (5th Cir. 2003)). In the case at bar, it is undisputed that at the conclusion of the settlement conference on May 3, 2023, the undersigned recited into the record—in the presence of Plaintiffs, their proxies, and counsel for the parties—the terms of the settlement agreement reached as a result of the settlement conference. Doc. [14-1]. However, the undersigned recognized, "there is no settlement yet. This is subject to city council approval." *Id.* at 10. Therefore, the parties had only reached a tentative settlement agreement. *See Sandy Creek Investors, Ltd. V. City of Jonestown, Tex.*, 325 F.3d 623, 625 (5th Cir. 2003) (stating that the parties reach a tentative settlement agreement subject to approval by the city council). Ultimately, the city council agreed to the settlement terms set forth in the transcript during executive session. *See* Notice of Settlement by All Parties (05/18/2023). Even assuming arguendo that there was no settlement agreement until formal approval by the city council, counsel for Plaintiff approved the Agreement drafted by Defendant's counsel, which was then authorized by the city council's resolution. Doc. [12-2] at 2; Doc. [12-3] at 1–2. The Agreement contained the terms upon which Plaintiffs had authorized their counsel to settle the case. *See Daftary v. Metro. Life Ins. Co.*, 136 F.3d 137 (5th Cir. 1998) (per curiam) (affirming where the magistrate judge "found that the terms in the final draft of the settlement agreement were the terms upon which plaintiff had authorized his counsel to settle the case"). "Absent a factual basis rendering it invalid," an oral or a written agreement "to settle a

5

federal claim is enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981).  Plaintiffs, who previously authorized a settlement, cannot now change their minds; they are bound by the terms of the settlement agreement.  *Id.*  Accordingly, the Court finds that there was a meeting of the minds as to the terms of the settlement.

Plaintiffs also argue Defendant agreed to pay longevity pay for the entire year of 2023.  Doc. [14] at 2.  Their position is that, as part of the terms of the settlement, Plaintiffs would receive twelve months of longevity pay for 2023 rather than just three months from October to December 2023.  *Id.*  But Plaintiffs' position is not reflected in the transcript of the settlement.  The transcript provided that the City of Biloxi would reinstate longevity pay to Plaintiffs and all firefighters **commencing on October 1, 2023**.  Doc. [14-1] at 3.  Additionally, counsel for Defendant made it clear that "the longevity pay would be paid **going forward** . . . **It's not a back payment**, but it is a . . . reinstatement essentially for all city employees **going forward**."  *Id.* at 6–7 (emphasis added).  As previously stated, counsel for Defendant then informed the Court that the city council agreed to the settlement terms set forth in the transcript.  *See* Notice of Settlement by All Parties (05/18/2023).  Counsel for Plaintiffs approved the Agreement memorializing the terms of the settlement, which was subsequently approved by the city council and the mayor.  Doc. [12-2] at 2; Doc. [12-3] at 1–2.  The Agreement provided Defendant would "reinstate longevity pay **going forward** pursuant to City Ordinance 15-1-14" to Plaintiffs and "all full-time city employees who qualify for longevity pay **as of on October 1, 2023**."  Doc. [12-1] at 2–3 (emphasis added).  Furthermore, it provided "[t]he amount of longevity pay **going forward** will be calculated by the number of years of service **as of October 1, 2023**."  *Id.* at 3 (emphasis added).

Moreover, Plaintiffs' argument that Defendant agreed to pay longevity pay for the entire year of 2023 is inconsistent when considering the fiscal significance of the date of October 1, 2023. The Court takes judicial notice that the fiscal year for the City of Biloxi begins on October 1 each year.[5] *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known with the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The terms of the settlement agreement clearly emphasized October 1, 2023, as the commencement date for longevity pay for this reason; the terms did not contemplate a back payment of longevity pay for the period of January 1, 2023, to September 30, 2023.[6]

Thus, the Court finds that the term at issue is clear and unambiguous. The reinstatement of longevity pay was to commence on October 1, 2023; the terms of settlement agreement did not provide for a back payment of longevity pay for the entire year of 2023. For the aforementioned reasons, the Court concludes the settlement agreement between the parties is valid and enforceable.

## RECOMMENDATION

The undersigned recommends that Defendant City of Biloxi, Mississippi's [12] Motion to Enforce Settlement be GRANTED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those

---

[5] *See* https://biloxi.ms.us/resources/financial-report/ (providing statements of the City of Biloxi's budget for each fiscal year).

[6] The Court also notes that the settlement agreement made no distinction between the plaintiffs who had elected to receive longevity pay on an annual basis versus the plaintiffs who had elected to receive longevity pay on a biweekly basis. *See* Doc. [14-2] at 1–2. Because the settlement agreement did not make this distinction, Plaintiffs' argument, if accepted, would result in inconsistencies for those receiving longevity pay annually versus those receiving longevity pay biweekly.

findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE